UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NATHANIEL DOWL, JR.                                         CIVIL ACTION

VERSUS                                                      NO. 11-0417

HOWARD PRINCE, WARDEN ELAYN                                 SECTION "R"(4)
HUNT CORRECTIONAL CENTER

### ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. No. 13)** filed by the petitioner, Nathaniel Dowl, Jr. Dowl seeks the granting of relief on the grounds for relief filed in his application for issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Rule 56(a) of the Federal Rules of Civil Procedure provides that "[a] party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim." The rule further provides that the motion may be filed at any time after "20 days have passed from commencement of the action." *Id*. The plaintiff's motion was filed after the petition, and prior to receipt of the ordered response from the State of Louisiana.

Federal courts, nevertheless, are permitted to dismiss a motion for summary judgment without prejudice if it is filed before any party answers. *Kuperman v. ICF International*, 2008 WL 647557 at *1 (E.D. La. Mar. 5, 2008) (Barbier, J.) (*citing* 10A Charles Alan Wright, et al., Federal Practice and Procedure § 2717, at 298-99 (1998)); *Wartsila v. Duke Capital LLC*, 2007 WL 2274403 (S.D. Tex. Aug. 8, 2007). Deferring the ruling on a motion for summary judgment filed before

parties have answered is appropriate where the district court finds that the motion is premature. *Id*.; *see also*, *Matini v. Reliance Standard Life Ins. Co.*, 2005 WL 2739030 (E.D. Va. Oct. 24, 2005); *First Am. Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81, 87 (D.D.C. 1981).  A district court ". . . must not grant a summary judgment upon motion therefor tendered before the service of an answer, unless in the situation presented, it appears to a certainty that no answer which the adverse party might properly serve could present a genuine issue of fact." *Stuart Inv. Co. v. Westinghouse Elec. Corp.*, 11 F.R.D. 277, 280 (D. Neb. 1951).

As of this writing, the State has not filed its response in opposition to the habeas petition, which is due on June 24, 2011.  The Court does not yet have a certified copy of the state court records necessary to evaluate Dowl's petition under § 2254, including its timeliness, exhaustion of state remedies and any applicable procedural bars to its review.  Until such time as the State responds, the record is not sufficient to consider Dowl's motion.

Upon receipt of that answer, the Court will evaluate and consider Dowl's petition under the appropriate standards provided under § 2254 and related provisions.  The Court does not require a motion to generate its review under the procedures utilized by this Court.  Therefore, Dowl's premature motion shall be dismissed.  Dowl is allowed by statute to present a traverse to the State's opposition response after it is filed.  Accordingly,

**IT IS ORDERED** that Dowl's **Motion for Summary Judgment (Rec. Doc. No. 13)** is **DISMISSED** as premature.

New Orleans, Louisiana, this 17th day of June, 2011.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**