UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

NATHANIEL DOWL, JR.                    CIVIL ACTION

VERSUS                                 NO: 11-417

HOWARD PRINCE, WARDEN, ELAYN HUNT      SECTION: R(4)
CORRECTIONAL CENTER

### ORDER

Before the Court is Nathaniel Dowl's Petition for a Writ of Habeas Corpus.[1]  The Court, having reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Further, Rule 11 of the Rules Governing Section 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).  A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a) (noting that § 2253(c)(2) supplies the controlling standard).  In *Miller-El v.*

---

[1]  R. Doc. 1.

*Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"  537 U.S. 322, 336 (2003).  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."  *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The Court finds that the petitioner has not made a substantial showing of the denial of a constitutional right.  The Magistrate Judge's Report and Recommendation clearly and correctly disposes of each of Dowl's claims.  First, Dowl argues that the evidence presented at trial was insufficient to convict him of three counts of filing false public records.  As detailed in the Magistrate's ruling, the state appellate court denied Dowl's claim on direct appeal.  The Court does not find that the state court's denial of this claim was objectively unreasonable such that habeas relief would be justified.  *See Johnson v. Cain*,

347 Fed.Appx. 89, 92-93 (5th Cir. 2009).

Second, Dowl argues that the trial court erred in denying his motion to quash the bill of information.  The Fifth Circuit has held that "[t]he sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994).  Federal habeas review of this question is foreclosed if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987).  When a state court does not give grounds for its decision, a federal court should assume that the court relied on the same grounds as the last reasoned state court decision. *See Ylst v. Nunnemaker*, 501 U.S. 797,803 (1991).  Because the Louisiana Supreme Court denied Dowl's application without explanation, the last reasoned state court decision on the matter was that of the Louisiana Fourth Circuit Court of Appeal.  That Court held that the bill of information was sufficient to provide Dowl with the required notice of the crimes with which he was charged.  Accordingly, the Court presumes the Louisiana Supreme Court also found the indictment to be sufficient and finds that federal habeas review of the question of the sufficiency of Dowl's indictment is

foreclosed.

Third, Dowl asserts that the Louisiana Court of Appeals erred when it found that the trial court's decision to allow the jurors to examine the quitclaim deeds during deliberations was harmless error. A claim that the state court misapplied a state law of evidence is not reviewable on federal habeas unless the evidentiary ruling "run[s] afoul of a specific constitutional right or render[s] the petitioner's trial fundamentally unfair." *Johnson v. Puckett*, 176 F.3d 809, 820 (5th Cir. 1999)(citing *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). Because Dowl failed to show that he was denied a specific constitutional right or that the evidentiary decision rendered his trial fundamentally unfair he is not entitled to habeas relief on the basis of the state court's evidentiary ruling. *See Goodrum v. Quarterman*, 547 F.3d 249, 255 (5th Cir. 2008)(finding that the district court did not err in deferring to the ruling of the state court regarding the admissibility of evidence where the petitioner made no showing that the evidentiary ruling violated a specific constitutional right or rendered his trial fundamentally unfair).

Finally, Dowl argues that his sentence of ten years was excessive. Dowl's sentence was within the statutory limits and was not grossly disproportionate to the gravity of the offense based on the facts found by the trial court. Dowl is therefore not entitled to habeas relief on the basis of an excessive

sentence.  *See Solem v. Helm*, 463 U.S. 277, 288 (1983)
(explaining that the Eighth Amendment proscribes grossly
disproportionate punishments); *Lott v. Miller*, 2008 WL 4889650,
*9 (E.D. La. 2008) ("If a sentence is within the statutory
limits, a federal habeas court will not upset the terms of the
sentence unless it is grossly disproportionate to the gravity of
the offense.").  Jurists of reason would not find controversy in
these determinations.

Accordingly, Nathaniel Dowl's petition for a writ of habeas
corpus is DISMISSED WITH PREJUDICE.  The Court will not issue a
certificate of appealability.

New Orleans, Louisiana, this __17th__ day of August, 2011.


_____
SARAH S. VANCE

UNITED STATES DISTRICT JUDGE